■ MAE HEYWARD et al., Respondents, v JOSEPH BENYARKO, Defendant-Appellant and Third-Party Plaintiff. JOSEPH P. HENNIE et al., Third-Party Defendants. — Order, Supreme Court, New York County (M. Evans, J.), entered January 29, 1981, granting motion to strike answer of defendant-appellant Benyarko on condition, is unanimously modified, in the exercise of discretion, to the extent that so much of the order as directs the striking of the answer is reversed and the court directs that said defendant is to be precluded from testifying at the trial unless he submits to an examination before trial by plaintiffs not later than 30 days before the trial, all on condition that said defendant shall pay to plaintiffs the sum of $250 toward their attorney's fees within 20 days after service of a copy of the order determining this appeal. If defendant fails to make such payment timely, then the order is affirmed. Respondent shall recover from said defendant-appellant costs on this appeal. Defendant's attorney (probably the liability insurance company's lawyer) has been unable to locate his client despite good faith efforts, including assignment of an investigator to try to locate the client. While it is the obligation of the client to remain in contact with his attorney so that the attorney can communicate with him, the client's neglect of that obligation is not equivalent to a willful failure to appear for examination before trial as the client has not been informed of the examination. In the circumstances, we do not think that the real party in interest (presumably the insurance company) should be precluded from defending the action if the client cannot be located. On the other hand of course, plaintiffs are entitled to be protected against having defendant testify at the trial without plaintiffs having an opportunity to examine him before trial. Accordingly, we think it will be a sufficient sanction to preclude the defendant from the use of the defendant's testimony at the trial unless defendant submits to examination before the trial. (See Balsam v Nicolosi Bldg. Co., 36 AD2d 533.) However, plaintiffs have been put to considerable trouble unjustifiably. Accordingly, we condition the modification on the payment of the modest sum of $250 toward plaintiffs' attorney's fees. Concur — Murphy, P. J., Birns, Ross and Silverman, JJ.