■ In the Matter of MICHAEL P. MOYER, Appellant, v ROBIN MORRIS, Respondent. [696 NYS2d 451] —Order, Family Court, New York County (Richard Ross, J.), entered on or about July 7, 1998, which, *inter alia*, found respondent in willful violation of prior visitation orders but granted petitioner relief only to the extent of ordering make-up visits, and order, same court and Judge, entered on or about March 30, 1999, which, *inter alia*, ceded jurisdiction over the matter to the court in Prince George's County, Maryland, unanimously affirmed, without costs.

In light of the attenuation of the ties of both the parties and their child to New York, Family Court did not err in relinquishing jurisdiction of these child custody proceedings. At the time of the court's determination to cede jurisdiction to the courts of Maryland, respondent and the child were residing in Maryland, having lived outside New York for more than 10 months, albeit in two different jurisdictions, and petitioner had relocated to New Jersey (*see*, Domestic Relations Law § 75-d [1] [a]; § 75-h). Although the court found that respondent had willfully violated visitation orders, its decision to simply order make-up visitation, and, implicitly to deny that branch of petitioner's motion seeking to hold respondent in contempt, was appropriate under all the circumstances.

We have reviewed petitioner's remaining arguments and find them unavailing. Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.