■ JAMES PALMENTA, Plaintiff, v COLUMBIA UNIVERSITY et al., Defendants. (And a Third-Party Action.) TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Second Third-Party Plaintiffs-Respondents, v SUNSET CITY, Second Third-Party Defendant-Appellant. [698 NYS2d 657] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 16, 1999, striking the answer of second third-party defendant Sunset City, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the answer reinstated on condition that Sunset be precluded from calling any witness on its behalf unless the witness is produced for a deposition at least 30 days prior to trial.

The underlying personal injury action was commenced against defendant Columbia University, the owner of the construction site, in December 1995 in connection with the plaintiff's injuries caused by falling concrete. Columbia commenced a third-party action against plaintiff's employer, Burgess Steel Products Corp. and, in May 1997, a second third-party action against Sunset, which allegedly performed demolition work at the site. Counsel engaged by Sunset's insurer served its answer in April 1998. In October 1998, Burgess served discovery requests upon Sunset as well as a notice to take Sunset's deposition on November 19, 1998. In January 1999, Burgess moved to compel Sunset's compliance with the discovery demands. Sunset opposed on the basis that Sunset had not yet been afforded an opportunity to depose other parties. By order dated March 4, 1999, the court directed Sunset's appearance for a deposition within 14 days, with Sunset to depose the other parties immediately thereafter, and trial was scheduled for April 20, 1999. When Sunset failed to produce a witness for the deposition, Burgess moved to strike its answer for failure to comply with the outstanding discovery order. Sunset, opposing, attached a copy of a March 19, 1999 letter from Sunset's counsel to counsel for the other parties advising them of her difficulty in locating her client. Counsel also attached an April 14, 1999 affidavit from a private investigator detailing his efforts since his retention in January 1999 to locate Sunset's principal in New York and New Jersey.

The court, finding that Sunset had been in the case for approximately 1½ years without making efforts to secure its witness until 1999, found that Sunset's failure to comply with its

discovery order warranted that Sunset's answer be stricken. No findings were made that Sunset had exercised bad faith or that its conduct was willful.

While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court, striking an answer is inappropriate absent a clear showing that the failure to comply is willful, contumacious or in bad faith (*Herrera v City of New York*, 238 AD2d 475; *Harris v City of New York*, 211 AD2d 663), which must be affirmatively established by the moving party (*Pimental v City of New York*, 246 AD2d 467), whereupon the burden shifts to the nonmoving party to establish a reasonable excuse, with appropriate findings to be made by the court (*Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193). In view of the single incident of noncompliance, the failure to establish willfulness or bad faith by Sunset and, moreover, the reasonableness of its excuse, it was an improvident exercise of discretion to strike Sunset's answer. The more appropriate remedy is to preclude Sunset from presenting testimony at trial unless any subsequently-located witness is produced for a deposition in a timely manner. Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ.