■ Ralph Vasquez, Appellant, v Elizabeth Vasquez, Respondent. [722 NYS2d 157] —Orders, Supreme Court, Bronx County (Judith Gische, J.), entered on or about February 25, 1999, September 9, 1999, December 6, 1999 and January 10, 2000 which, *inter alia*, denied plaintiff's request to delete that portion of the parties' judgment of divorce providing for issuance of a qualified domestic relations order, and denied plaintiff's motions to impose sanctions for defendant mother's alleged willful disobedience of court orders directing that plaintiff be provided with defendant's home telephone number and with visitation with his daughter, unanimously affirmed, without costs.

Plaintiff has not established that the judgment of divorce inaccurately reflects the agreement of the parties and, accordingly, the IAS court properly denied his request to delete the qualified domestic relations order provision from the judgment of divorce.

The court's decision to permit defendant to purge herself of contempt by affording make-up visitation was appropriate under all the circumstances (*see, Matter of Moyer v Morris*, 265 AD2d 222).

We have reviewed plaintiff's remaining claims and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.

■ Lisa Blake, Respondent, v Barry Mamadou, Appellant, and George Warren, Respondent. [722 NYS2d 158] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 10, 2000, which, *inter alia*, struck the answer of defendant Barry Mamadou, unanimously modified, on the law and the facts, to vacate the striking of the answer, and in lieu thereof to direct that defendant Mamadou is precluded from testifying at trial unless he appears for an examination before trial, and otherwise affirmed, without costs.

The record provides indication that defendant Mamadou's failure to appear for deposition was not willful, but resulted from his attorney's inability to locate him at his last known address. Although a client has an obligation to remain in communication with his attorney, defendant's failure to communicate is not by itself a sufficient ground upon which to strike his answer (*see, Heyward v Benyarko*, 82 AD2d 751). Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.