■ ELAINE SCHNEIDER, Appellant, v 17 BATTERY PLACE NORTH ASSOCIATES II et al., Respondents. [735 NYS2d 509] —Order, Supreme Court, New York County (Louis York, J.), entered December 15, 2000, which denied plaintiff's motion to strike defendants' answer as a discovery sanction and granted the cross motion for summary judgment of all defendants except defendant restaurant company Battery Park Café, Inc., and order, same court and Justice, entered January 31, 2001, which upon reargument of the prior order, also granted defendant Battery Park Café's motion for summary judgment, unanimously modified, on the law, summary judgment as to all defendants denied without prejudice to renew after nonparty witness Alexander Douglas has been deposed, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 20, 1999, which required plaintiff to subpoena Mr. Douglas and precluded the statements of hearsay witnesses in opposition to the summary judgment motion by defendants, unanimously modified, on the law and the facts, to require the issuance of and hearing on an order to show cause why Alexander Douglas should not be held in contempt, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 11, 2000, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff alleges that she slipped and fell on garbage consisting of discarded food in the basement lobby near the service entrance of defendant Battery Park Café, Inc., and that defendants had actual or constructive notice of the garbage on the floor. At the time of the accident, August 1995, defendant Regal Management was the managing agent of the building where the restaurant is located, and was responsible for garbage removal. Regal also oversaw cleaning of the common areas, which was performed by Partners Cleaning Corporation, a contractor. Alexander Douglas was the building manager.

The building was one of several owned by common interests and managed by Regal. Rosenmark Management, a creature of the same ownerships, supervised Regal as well as managing agents of other buildings, which involved attending to financial, accounting, and government-relations matters. Stanley Garber, Rosenmark's treasurer and controller, approved leases and established lease guidelines followed by rental agents. His duties did not encompass the training or supervision of building employees, or garbage removal, which was handled by Regal.

In January of 1996, ownership of the building passed to de-

fendant 17 Battery Place North Associates Inc., of which defendants Arthur G. Cohen Properties, Inc. and KE 17 Battery Place North Associates Inc., are general partners. Defendant Associates II owns the land, and Kawasaki is a lender with a security interest. These entities (collectively owners) are united in interest. Regal is no longer in business, and Mr. Douglas is not employed by any of the defendants.

Although the owners intended to produce a Regal employee for deposition, as they had agreed pursuant to a court order, they did not do so. Instead, the owners produced Mr. Garber who was deposed. Two days later, plaintiff moved for an order striking the owners' answer, arguing that Regal had not appeared for deposition, and that Mr. Garber was not a knowledgeable witness. The owners cross-moved for summary judgment, arguing that plaintiff could not prove notice. A month later the restaurant made a similar motion.

The IAS court denied plaintiff's motion and granted the owners' cross motions for summary judgment. Although the IAS court did not find Mr. Garber to be a very knowledgeable witness, it found him to be the best witness available given the change in ownership, the amount of time that had elapsed, and the fact that Mr. Douglas no longer worked for any of the owners. The court excused the owners' failure to produce, as required by the order, rules and regulations regarding the delivery of food products to and removal of garbage from the building. In addition, the court found that plaintiff did not act diligently in seeking to depose Mr. Douglas. On January 31, 2001, the court, upon granting a motion for reargument by Battery Park Café, also granted its cross motion for summary judgment essentially on the same grounds. We reverse to the extent of denying the cross motions for summary judgment of the owners and the restaurant, without prejudice to renewal after Mr. Douglas is deposed.

Initially, plaintiff's argument that the owners were required to produce Mr. Douglas is unavailing, given that it is undisputed that he is not within their control. However, plaintiff made diligent efforts to depose Mr. Douglas. It is true that during Mr. Garber's deposition on June 8, 1999, the owners offered to provide Mr. Douglas's last known address, and plaintiff declined. However, during oral arguments of the motions on October 13, 1999, the owners admitted that Mr. Douglas was the most knowledgeable witness, and the court directed the owners to provide Mr. Douglas's last known address, after which plaintiff was to subpoena him.

Plaintiff served the subpoena on October 23, 1999, return-

able November 17, 1999. Plaintiff then called the Douglas home and confirmed that Mr. Douglas knew of the subpoena. On November 17, he did not appear. On November 22, plaintiff moved by order to show cause to, among other things, compel Mr. Douglas to appear. On December 15, the court ordered Mr. Douglas to appear pursuant to a subpoena to be served by January 5, 2000, the deposition to be held no later than January 20, 2000. Plaintiff obtained a so-ordered subpoena on December 17, 1999, returnable January 12, 2000, which was served on December 29, 1999. On January 10, 2000, plaintiff argued, via a motion to renew and reargue the order to show cause, that should Mr. Douglas again fail to appear, the court should find him in contempt. According to plaintiff, the court had stated on the December 17 oral argument that it would not consider such a motion until Mr. Douglas failed to comply with the second subpoena. On May 1, 2000, the court denied the motion, noting that plaintiff should have moved by order to show cause.

It is clear that plaintiff's inability to depose Mr. Douglas was not due to lack of diligent efforts. Rather, it was due to his refusal to comply with subpoenas served upon him. Given that he is the most knowledgeable witness, as conceded by the owners, his testimony might well reveal evidence of an ongoing and recurring dangerous condition in the area of the slip and fall, which was routinely left unaddressed by the owners (*see, Home Sav. Bank v Arthurkill Assocs.*, 173 AD2d 776, *appeal dismissed* 78 NY2d 1071). Plaintiff should have the opportunity to apply to hold Mr. Douglas in contempt, which application is to be made no later than 30 days from the date of this order.

The December 15, 1999 order precluding plaintiff from submitting statements from witnesses other than Mr. Douglas in opposing summary judgment was not an abuse of discretion. On October 13, 1999, during the first oral argument of the original motion and cross motions, plaintiff advised the court that she planned to rely on hearsay statements of witnesses in opposing summary judgment. The court directed that a supplemental brief be submitted by December 6, 1999 discussing, among other things, the admissibility of hearsay statements to defeat a summary judgment motion. Plaintiff did not submit the brief by the deadline, and during oral arguments on December 15, 1999, did not provide a reason for seeking to offer evidence in non-admissible form (*see, Costa v 1648 Second Ave. Rest.*, 221 AD2d 299, 300). Plaintiff did not advise the court that she would be relying on any other witness statements in opposing summary judgment. We do not, as the par-

ties do, read the court's order to mean that plaintiff was precluded from offering nonhearsay witness statements.

The court's denial of plaintiff's motion to strike the owners' answer was appropriate. Mr. Garber was indeed the most knowledgeable party the owners could produce. Mr. Garber searched the records in his office for a copy of the rules and regulations, but could not find them. Mr. Garber's failure to search the records in the building does not warrant striking the owners' answer. This is particularly true since the rules and regulations would not have been relevant to the issue of whether or not there was food on the floor regularly enough to constitute a recurring condition.

Finally, the May 1, 2000 order denying renewal and reargument of the December 15, 1999 order should be deemed solely a denial of reargument, since plaintiff offered no new facts, and should be dismissed, as it is well settled that no appeal lies from a denial of a motion for reargument (*see, Barkley v New York City Hous. Auth.*, 208 AD2d 449). Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.