■ EMILY REIDEL et al., Appellants, v RYDER TRS, INC., et al., Defendants, and GEORGE FINNEGAN, Doing Business as FINNEGANS MOVING Co., et al., Respondents. [786 NYS2d 487]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 8, 2004, which denied plaintiffs' motion to strike the answers of defendants Finnegan and Zoccolo, and directed the parties to appear for a discovery conference, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion to strike granted, unless said defendants appear at the courthouse for depositions within 30 days from the date of service of a copy of this order with notice of entry.

Although actions should be resolved on the merits whenever possible (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213 [2002]), a court may strike a pleading as a sanction against a party who refuses to obey an order for disclosure (*see* CPLR 3126 [3]). A court may strike an answer only when the moving party establishes "a clear showing that the failure to comply is willful, contumacious or in bad faith" (*Palmenta v Columbia Univ.*, 266 AD2d 90, 91 [1999]). The burden then shifts to the nonmoving party to demonstrate a reasonable excuse (*Furniture Fantasy v Cerrone*, 154 AD2d 506, 507 [1989]; *see Williamson v City of New York*, 249 AD2d 248 [1998]).

Here, the disobeying of three successive court orders by Finnegan and Zoccolo, directing them to appear for depositions "constituted precisely the sort of dilatory and obstructive, and thus contumacious, conduct warranting the striking of their answers" (*Kutner v Feiden, Dweck & Sladkus*, 223 AD2d 488, 489 [1996], *lv denied* 88 NY2d 802 [1996]; *accord Varvitsiotes v Pierre*, 260 AD2d 297 [1999]). At no time did these two defendants offer a reasonable excuse for their repeated failure to appear for court-ordered depositions. The fact that their whereabouts are unknown is no bar to plaintiffs' requested sanction (*see Rocco v KCL Protective Servs.*, 283 AD2d 317 [2001]). Counsel's bald statement that reasonable good faith efforts had been made to locate these two defendants, including the hiring of an investigator to assist in the search, is devoid of detail and therefore insufficient. Counsel failed to submit an affidavit from the purported investigator detailing what efforts, if any, the investigator made to locate these two defendants. Nor did counsel specify any other efforts made to ascertain their location (*see Jackson v City of New York*, 185 AD2d 768 [1992]; *cf. Palmenta v Columbia Univ., supra*). Defendants' reliance upon *Heyward v Benyarko* (82 AD2d 751 [1981]) is unavailing. In *Heyward*, unlike here, the Court found that the defendant's counsel had made "good faith efforts" (*id.*) by employment of an investigator and there was no indication the defendant had

repeatedly failed to comply with any discovery orders. Concur—
Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.