■ MICHAEL WONG, as Administrator of the Estate of YUET HA LO, Deceased, Respondent, v KI IL KIM, Appellant. [792 NYS2d 435]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered July 9, 2004, insofar as it denied defendant's motion to extend the time to appear for his deposition, and denied defendant's motion for renewal of that portion of a prior order conditionally striking his answer, unanimously affirmed, without costs.

Defendant failed to demonstrate good cause warranting extension of the deadline for his examination before trial appearance. His submissions on this point were inadequate. The first investigator's affidavit implied that prior efforts were made to locate defendant, but offered no proof of any such investigation, nor did it state when that investigator had spoken to defendant. The second investigator stated that he was assigned to "follow up" a mere four days before defendant's scheduled deposition.

Similarly, the Korean-speaking attorney did not explain what efforts were made to locate defendant preceding and after entry of the prior order in October 2003. Defense counsel fails to explain why defendant did not appear before entry of the May 2, 2003 compliance order, nor does he set forth when defendant was believed to be residing in Korea. Indeed, counsel appears to have made no earnest attempt to find his client until early December 2003, when investigators finally located him in Korea.

On renewal, counsel failed to demonstrate why information about defendant's whereabouts could not have been presented on the original motion. We further note that the sanction of conditionally striking the answer was appropriate under the circumstances, where defendant repeatedly and willfully failed to comply with court-ordered discovery. The fact that his whereabouts were unknown did not prevent imposition of the requested sanction (*see Reidel v Ryder TRS, Inc.*, 13 AD3d 170 [2004]). Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.