■ HELEN MASON, Appellant, v MTA NEW YORK CITY TRANSIT, Respondent, et al., Defendant. [832 NYS2d 153]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered November 14, 2005, which granted the motion of the defense attorney to withdraw as counsel for MTA's former bus driver, codefendant Alicia, and denied plaintiff's cross motion to strike Alicia's answer for failure to appear at scheduled depositions, unanimously modified, on the law, the facts and in the exercise of discretion, the cross motion granted, unless, within 90 days of service of a copy of this order with notice of entry, MTA produces Alicia for deposition, and otherwise affirmed, without costs.

Although striking an answer is not warranted where good faith efforts have been made to locate a client (*see Heyward v Benyarko*, 82 AD2d 751 [1981]), counsel herein has offered insufficient proof of a good faith effort to locate Alicia. Counsel sent one letter, via certified mail, seven months after appearing for Alicia, and only in advance of Alicia's second scheduled deposition. The investigator was not dispatched until three days before Alicia's second scheduled deposition, and appears to have made no efforts other than visiting Alicia's last known address and calling the housing coordinator. The record is devoid of any further efforts undertaken, even after Alicia was ordered a third time to appear for deposition. Nothing is offered as to when Alicia left MTA's employ, information to which MTA would presumably have knowledge. In light of MTA's failure to make an adequate showing of good faith efforts to locate Alicia, a party who may be crucial to MTA's defense, the cross motion is granted unless Alicia is produced for deposition within the period ordered (*see Wong v Ki Il Kim*, 17 AD3d 128 [2005]).

As to MTA counsel's motion to withdraw representation for Alicia, an attorney may withdraw as counsel of record upon a showing of good and sufficient cause, and reasonable notice to the client. Such a showing was made and the motion was properly granted. Concur—Andrias, J.P., Friedman, Sullivan, Williams and Catterson, JJ.