Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 10, 2008, which, insofar as appealed from as limited by the briefs, in this action for personal injuries sustained in a building fire, granted the motion of defendants-respondents (City) for reargument and renewal of an order, same court and Justice, entered March 18, 2008, granting plaintiffs motion to strike the City’s answer, and upon renewal, modified its prior order, and in lieu of striking the answer, imposed a monetary sanction of $7,500 upon the City for its noncompliance and lack of diligence with regard to prior court orders, unanimously affirmed, without costs.
The court appropriately modified its prior order striking the City’s answer and instead imposed a monetary sanction upon the City. Plaintiff failed to demonstrate that the City’s failure to produce an inspector, who allegedly inspected the subject building several months prior to the fire and found numerous dangerous and defective conditions in the building and did not warn plaintiff of them or demand that she be removed from the premises, was willful, contumacious, or in bad faith (see Palmenta v Columbia Univ., 266 AD2d 90, 91 [1999]). The City was not obligated to produce a witness who is not under its control (see Schneider v 17 Battery Place N. Assoc. II, 289 AD2d 164, 165 [2001]), and the employee at issue here had left the City’s employ approximately 10 months prior to the order directing that he be produced for deposition.
Furthermore, “[a] municipality has the right to determine which of its officers with knowledge of the facts may appear for pretrial examination” (Colicchio v City of New York, 181 AD2d *584 528, 529 [1992]). Having complied with the first preliminary-conference order, the City was not required to produce additional witnesses for deposition until plaintiff made the appropriate showing and a court granted an order directing it to do so. The first time that occurred here was in January 2006, and by August 2007, the City notified plaintiff that the inspector no longer worked for the City and provided his last known address. Although the City took approximately 18 months to notify plaintiff that the former inspector was no longer in its employ, the court imposed a substantial monetary penalty for this lack of diligence. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter JJ.