EDWIN RODRIGUEZ, an Infant, by His Parent and Natural Guardian, CHRISTINA RODRIGUEZ, et al., Appellants, v UNITED BRONX PARENTS, INC., Respondent. [895 NYS2d 57]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered August 26, 2009, which, to the extent appealed from, granted plaintiff's cross motion pursuant to CPLR 3126 to strike defendant's answer solely to the extent of granting plaintiff a missing witness charge as to Nadia James and Victor Martinez, unanimously modified, on the law and the facts, the cross motion to strike granted and the matter remanded to Supreme Court for a trial on the issue of damages, and otherwise affirmed, without costs.

"Although actions should be resolved on the merits whenever possible (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213 [2002]), a court may strike a pleading as a sanction against a party who refuses to obey an order for disclosure (*see* CPLR 3126 [3])" (*Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [2004]). A court may strike an answer only when the moving party establishes "a clear showing that the failure to comply is willful, contumacious or in bad faith" (*see Palmenta v Columbia Univ.*, 266 AD2d 90, 91 [1999]).

Here, plaintiff established that defendant's failure to comply was willful and contumacious, given its repeated and persistent failure to comply with five successive disclosure orders (*see Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]; *Min Yoon v Costello*, 29 AD3d 407 [2006]; *compare Pascarelli v City of New York*, 16 AD3d 472 [2005]). Defendant's failure to adequately explain what efforts were made to locate the documents it failed to disclose, or to explain its inability to provide

the last known addresses of its former residents or employees, also supports a finding that its failure to comply was willful. Furthermore, defense counsel's "Affirmation of Search" did not indicate whether he was the custodian of defendant's records, what records were searched, who conducted the search, what the search consisted of, and the statement was made upon "information and belief." Accordingly, this statement is devoid of detail and insufficient. Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.