■ CITY OF NEW YORK, Appellant, v 393 REST ON EIGHTH INC., Respondent, et al., Defendants. [— NYS2d —]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 4, 2008, which, in a nuisance abatement action brought by plaintiff City against defendant bar operators (the bar), granted the bar's motion to reopen its premises, which were closed by the police for a violation of the parties' stipulation of settlement, on condition that the bar pay the City a fine of $2,500 in lieu of the stipulated penalty of three months' closure, unanimously reversed, on the law, without costs, the motion to reopen denied, the fine vacated, and the stipulated penalty reimposed. Order, same court (John E.H. Stackhouse, J.), entered December 22, 2008, which granted the bar's subsequent motion to reopen its premises, which were closed by the police for a subsequent violation of the stipulation, unanimously reversed, on the law, without costs, the motion to reopen denied, and the stipulated penalty of one-month closure reimposed.

The subject so-ordered stipulation, inter alia, permanently enjoins the bar from operating the premises in violation of the Alcoholic Beverage Control Law; requires the bar to employ at least three licensed security guards at its premises every Thursday, Friday, Saturday and Sunday night it is open for business; and requires the bar to utilize at all times it is open for business an electronic age-verification recording system when admitting patrons. The stipulation further calls for a three-month closure of the premises in the event of a violation of the Alcoholic Beverage Control Law; a one-month closure in the event of a violation of the security guard and age-verification provisions of the stipulation; and an expedited hearing in the event the bar believes it was improperly closed.

Concerning the first order on appeal, an underage auxiliary police officer was admitted to the bar and served a beer in violation of Alcoholic Beverage Control Law § 65 (1), and the bar was closed. The bar moved to reopen its business, claiming that it had substantially complied with the age-verification requirements of the stipulation, in that its security guard had scanned the credit card that the officer gave him at the door with a stipulation-compliant scanner, but the scanner incorrectly showed her age to be 25. Supreme Court found that the bar violated section 65 but had made a good faith effort to comply with the age-verification requirements of the stipulation, and, sua sponte, imposed a $2,500 fine in lieu of the three-month stipulated penalty. This was error. The stipulation contains no good faith exception, and there was no basis for Supreme Court to do anything other than strictly enforce the stipulation according to its terms. Moreover, the bar's claims of substantial compliance and good faith are undermined by Alcoholic Beverage Control Law § 65-b (2) (b), which does not include, and therefore prohibits, acceptance of credit cards as a form of identification.

Concerning the second order on appeal, it appears that the bar was once again closed, this time because one of its security guards was not licensed. Supreme Court granted the bar's motion to reopen on the ground that the stipulation was "void for vagueness" in that it failed to "state times, days and the requirement for New York State license." This was error. The term "licensed" is not rendered vague or ambiguous by the absence of specification as to the type of license required, and while the bar claims that it believed that the security guard's credentials as a former correction officer satisfied the license requirement, no reasonable reading of the stipulation supports such a belief. The term "night" is not ambiguous under the cir-

cumstances. Here, all of the alleged violations occurred between the hours of 8:00 P.M. and 2:00 A.M. In the world of bars and nightclubs, 2:00 A.M. constitutes "night." In any event, it can hardly be questioned that in drafting the stipulation the parties meant to ensure no underage drinking at all times that people are likely to desire alcoholic beverages; i.e., from late evening through closing time in the early morning. Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.