Lee v 13th St. Entertainment LLC (2018 NY Slip Op 03751)





Lee v 13th St. Entertainment LLC


2018 NY Slip Op 03751


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6662N 159405/14

[*1] Robert Lee, Plaintiff-Respondent,
v
13th Street Entertainment LLC, et al., Defendants-Appellants, All Season Protection of NY LLC, et al., Defendants.


Faust, Goetz, Schenker & Blee LLP, New York (Lisa De Lindsay of counsel), for appellants.
Louis Grandelli, P.C., New York (Louis Grandelli of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 12, 2017, which granted plaintiff's motion to strike the answer of defendants 13th Street Entertainment LLC and Tri Hospitality, Inc., reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.
A court may strike an answer only when the moving party establishes "a clear showing that the failure to comply is willful, contumacious or in bad faith" (Palmenta v Columbia Univ., 266 AD2d 90, 91 [1st Dept 1999]). Here, it was improper for the motion court to strike defendants' answer because plaintiff failed to establish that defendants' conduct was willful, contumacious or in bad faith. Although defendants failed to produce deposition witnesses in violation of two court orders, defendants' business was defunct and its former employees and officers were no longer within their control(see Ewadi v City of New York, 66 AD3d 583 [1st Dept 2009]; Schneider v 17 Battery Place N. Assoc. II, 289 AD2d 164, 165 [1st Dept 2001]).
Defendants provided plaintiff with contact information for their employees and plaintiff could have subpoenaed such employees as nonparty witnesses. Furthermore, defendants did not receive prior warning from the court that a failure to comply with the court orders would result in CPLR 3126 sanctions. Accordingly, in light of the strong preference to resolve actions on their merits, plaintiff's motion to strike should have been denied (see e.g. Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [1st Dept 2002]).
All concur except Gische, J. who dissents in a memorandum as follows:




GISCHE, J. (dissenting)


I respectfully dissent. I would affirm the order striking defendants' answer.
Defendants failed to produce deposition witnesses in violation of two court orders. Defendants also failed to offer a reasonable excuse for their failure. The fact that the businesses are now defunct does not excuse defendants from producing officers or owners. Failure of an [*2]owner of a corporation to cooperate with its attorneys does not relieve a party of its obligation to appear for a deposition (see Reidel v Ryder TRS, Inc., 13 AD3d 170 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK