Butler v Knights Collision Experts, Inc. (2018 NY Slip Op 06474)





Butler v Knights Collision Experts, Inc.


2018 NY Slip Op 06474


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


650631/15 -1314/18 7185 1315/18 1316/18 7184 7183

[*1]Brett Butler, et al., Plaintiffs-Respondents, 
v
Knights Collision Experts, Inc., et al., Defendants-Appellants.


Margolin & Pierce, LLP, New York (Errol F. Margolin of counsel), for appellants.
Pedowitz & Meister, LLP, New York (Robert A. Meister of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 12, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for discovery sanctions to the extent of deeming all liability issues resolved in their favor, unanimously reversed, on the law and the facts, without costs, and the motion denied. Order, same court and Justice, entered January 9, 2018, which denied as academic defendants' motion for partial summary judgment, unanimously reversed, on the law, without costs, and the matter remanded to the motion court for a determination of the motion on the merits. Appeal from order, same court and Justice, entered February 7, 2018, which denied defendants' motion to renew, unanimously dismissed, without costs, as academic.
Plaintiffs failed to establish that defendants' conduct during discovery was willful, contumacious or in bad faith (see Lee v 13th St. Entertainment LLC, 161 AD3d 631 [1st Dept 2018]; Palmenta v Columbia Univ., 266 AD2d 90 [1st Dept 1999). At the time the motion was made, defendants were in violation of a single court order. Moreover, the court improvidently exercised its discretion in imposing the sanction nine months after plaintiffs brought their motion, when discovery had been completed and the note of issue filed.
In light of this determination, the denial of defendants' motion for summary judgment must be reversed and the motion remanded for a determination on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK