## 2118 Group LLC v Lior Group LLC

2024 NY Slip Op 32343(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 652737/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA          PART          42M

*Justice*

-----------------------------------------------------------------X

2118 GROUP LLC,

|  |  |
|---|---|
| INDEX NO. | 652737/2022 |
| MOTION DATE | 04/23/2024 |
| MOTION SEQ. NO. | 004 |

Plaintiff,

- v -

LIOR GROUP LLC, AMIR SHRIKI

**DECISION + ORDER ON MOTION**

Defendants.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 95, 96, 97, 99, 100, 101, 102, 103

were read on this motion to/for          STRIKE PLEADINGS          .

APPEARANCES:

   Bedford Soumas LLP, New York, New York (Gregory Charles
   Soumas, Esq., of counsel) for Plaintiff.

   Belkin Burden Goldman LLP, New York, New York (Adam Michael
   Bernstein, Esq., of counsel) for Defendants.

HON. EMILY MORALES-MINERVA:

   In this action for, among other things, unpaid rent, 2118

GROUP LLC ("plaintiff") moves, by notice of motion dated April

23, 2024, pursuant to CPLR §§ 3214 and 3126, for an order:

striking the answer by defendants, LIOR GROUP LLC and AMIR

SHRIKI (collectively "defendants") and entering a default

judgment against defendants. In the alternative, plaintiff seeks

an order, "staying" the note of issue (NOI) date, and Status

652737/2022   2118 GROUP LLC vs. LIOR GROUP LLC ET AL
Motion No. 004

Page 1 of 12

INDEX NO. 652737/2022
RECEIVED NYSCEF: 07/09/2024

Conference order (N. Bannon, J.S.C.), dated February 15, 2024,[1] "until [said] "Order is obeyed."

Defendants submit opposition to the motion.

For the reasons set forth below, the motion is granted to the limited extent that the note of issue deadline is extended to September 6, 2024, and a new schedule is set for discovery; the motion is otherwise denied.

BACKGROUND

Plaintiff 2118 GROUP LLC, owner of the subject residential premises, commenced this action for, among other things, unpaid rent. Thereafter, defendant LIOR GROUP LLC, the tenant, and defendant AMIR SHRIKI, the personal guarantor of the lease (collectively "defendants"), filed an answer with affirmative defenses and counterclaims.

On February 9, 2023, the Court (N. Bannon, J.S.C.) issued a preliminary conference order, setting forth a schedule for completion of depositions and all discovery, and scheduling a compliance conference (see NY St Cts Elec Filing [NYSCEF] Doc. No. 25, preliminary conference order, dated February 9, 2023).

---

[1] Plaintiff correctly points out that the subject Status Conference Order appears to be misdated as issued on "2/15/23" (NY St Cts Elect Filing [NYSCEF] Doc. 84, at 2).

[* 2]

At or around two weeks before said conference, plaintiff filed a motion to strike defendants' answer for failure to produce witnesses for noticed depositions, to enter a default judgment; in the alternative, plaintiff sought an order, "staying the [preliminary conference order] and compelling defendants to produce witnesses for depositions until the [preliminary conference order] is obeyed" (see NYSCEF Doc. 43, not of motion, dated April 26, 2023). Defendants filed opposition, and cross-moved to, among other things, strike the complaint for plaintiff's failure to comply with defendants' discovery demands (see [NYSCEF] Doc. No. 46, notice of cross-motion).

The Court (N. Bannon, J.S.C.) issued an order, denying both the motion (sequence no. 002), and the cross-motion (sequence no. 003) without prejudice (see Decision and Order, dated June 9, 2023 [N. Bannon J.S.C.]). Said order recommended the parties raise their discovery issues at the forthcoming compliance conference, scheduled for June 15, 2023, and/or that the parties request additional time for discovery (id.).

Both parties appeared at the next compliance conference, indicating essentially a failure of the other to cooperate in the discovery process. The same Court (N. Bannon, J.S.C), found "'paper' discovery has not been completed without reasonable

**652737/2022 2118 GROUP LLC vs. LIOR GROUP LLC ET AL**
**Motion No. 004**

**Page 3 of 12**

[* 3]

excuse," and issued an order accordingly (see NYSCEF Doc. No. 61, compliance conference order, dated June 15, 2023, at 1).

In the order, among other things, the court directed defendants to immediately provide "response to plaintiff's demand for B/P [bill of particulars] and responses to plaintiff's D&I [discovery and inspection] with documents today [June 15, 2023]" (id. at 2). As to plaintiff, the same court ordered it to "respond to any previously served interrogatories by 7/7/2023" (id.).

Following a status conference on August 24, 2023, the Court (N. Bannon, J.S.C.) issued an order (NYSCEF Doc. No. 67, status conference order, dated August 24, 2023 [citations to compliance conference order, dated June 15, 2023, omitted]). The status conference order, provided, among other things:

> "plaintiff did not provide responsive
> documents . . . and counsel represents that
> there are no responsive documents.
> Plaintiff failed to respond to previously
> served interrogatories . . . without
> reasonable excuse"

(id. at 1).

Finally, the order directed plaintiff to comply with the outstanding discovery and set another schedule, providing that, if plaintiff failed to answer interrogatories by September 06, 2023 "under oath," "plaintiff is precluded from offering evidence at trial, or on a dispositive motion (e.g. summary

652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL
Motion No. 004

Page 4 of 12

judgment), concerning the subject matter of any interrogatory unanswered" (id. at 1-2). The Court also set forth a deadline for completion of examinations before trial (EBT).

Despite the strong language in the August 2023 order, the parties again appeared at the subsequence status conference having not complied with the discovery schedule. The court (N. Bannon, J.S.C.) then issued a second status conference order, finding: "[the] parities did not conduce EBTS without reasonable excuse and plaintiff did not produce all demanded documents or submit Jackson affidavit per order [dated Aug. 24, 2023]" (see NYSCEF Doc No. 75, status conference order, dated Nov. 02, 2023, at 1 [emphasis added]).

The same court directed plaintiff to produce all responsive documents or a Jackson affidavit, or "plaintiff shall be precluded from offering evidence at trial or in a dispositive motion" (id., citing CPLR 3216 [emphasis in original]). The status conference order, dated November 02, 2023, set forth a schedule as follows: depositions to be completed by January 16, 2024,[2] and the note of issue to be filed by February 21, 2024 (id.). Finally, the court marked the deadline "Final 2x," with emphasis (id.).

---

[2] The Court notes that while the order states the depositions should be completed by January 16, 2023, the intended year was clearly meant to be 2024.

652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL
Motion No. 004

Page 5 of 12

[* 5]

On February 15, 2024, at the next status conference, the parties again appeared having not conducted the depositions. The court (N. Bannon, J.S.C.), issued a third status conference order, dated February 15, 2024, finding, among other things, that the parties again had not complied with the previous court order, as:

> "EBTS were not conducted <u>without reasonable</u> <u>excuse</u>. Defendant did not produce noticed witness by court deadline, but, prior to deadline offered some dates soon after deadline"

(see NYSCEF Doc. No. 84, status conference order, dated February 15, 2024, at 1 [emphasis added]). The court (N. Bannon, J.S.C.) provided new dates for the completion of discovery, extended the note of issue date to June 28, 2024, and marked such date "<u>Final</u> <u>3x</u>" (<u>id.</u> [extra emphasis added]). Regarding the "Final 3x" marking, Justice Bannon emphasized that there would be "no extension of NOI absent motion practice" (<u>id.</u>).

Thereafter, plaintiff filed its answers to interrogatories on February 20, 2024 (<u>see</u> [NYSCEF] Doc. No. 87), and served a notice to take the deposition of nonparty Mendy Furmanski on March 19, 2024, and the deposition of defendant Amir Shriki on March 21, 2024 (<u>see</u> [NYSCEF] Doc. No. 89). Plaintiff also filed its response to defendants' demand to produce documents, and a

**652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL**
**Motion No.  004**

Page 6 of 12

6 of 12

[* 6]

Jackson affidavit, as previously ordered (see [NYSCEF] Doc. Nos. 90, 94).

However, the above witnesses, including defendant Amiri Shriki, personal guarantor of the subject lease, failed to appear for their depositions.

Consequently, plaintiff filed the instant motion (sequence no. 004), for an order striking defendants' answer and entering a default judgement against defendant or, in the alternative, an order "stay[ing]" the note of issue date and status conference order, dated February 20, 2024, until defendants comply with said order.

In opposition, defendants contend that the witnesses did not appear at the depositions because the parties were engaged in settlement discussions involving several cases involving defendant guarantor, which defendants believed suspended discovery.[3]  Defendants submit proof of the parties' settlement negotiations (see [NYSCEF] Doc No. 100-102, Defendants' exhibits 1-3).  Defendants also contend that defendant Amiri Shriki "remains ready, willing and able to attend a deposition" (NYSCEF Doc No. 99, Affirmation of Adam M. Bernstein, at ¶ 6).

---

[3] There are three cases involving defendant: the instant case, Bold Group, LLC v Omri Rachmut and Amir Shriki, Index No. 653735/2022, and In Group LLC v Thomas Datny and Amir Shriki, Index No. 654214/2022.

**652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL**
**Motion No.  004**

**Page 7 of 12**

[* 7]

## ANALYSIS

CPLR § 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (see Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 [1st Dept 2009] [internal quotation marks and citation omitted]). The courts interpret this statute "liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (id.)

It is black letter law that the court may dismiss a party's pleading, if "a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file note of issue" (CPLR 3216 [a] [governing want of prosecution]). The plain language of Rule 3216 of the CPLR, provides, however, that no court may dismiss an action, and no party may make a motion seeking dismissal of an action unless a written demand has been served on the party prosecuting the action to serve and file a note of issue within 90 days after receipt of such demand (Chase v. Scavuzzo, 87 NY2d 228, 230 [1995]; see also Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008]; CPLR § 326 [b] [3] [providing that the court or

**652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL**
**Motion No.  004**

**Page 8 of 12**

party seeking dismissal for want of prosecution shall provide 90-day notice]).

To this end, a conference order directing the plaintiff to file a note of issue and warning that failure to comply may serve as a basis for dismissal has the same effect a valid 90-day notice pursuant to CPLR 3216 (see Cato v City of New York, 70 AD3d 472 [1st Dept 2010], citing Vinikour v Jamaica Hosp., 2 AD3d 518 [2d Dept 2003][holding that a conference order directing the plaintiff to file a note of issue and warning that failure to comply may serve as a basis for dismissal, pursuant to CPLR § 3216]).

In addition, "a court may strike a pleading as a sanction against a party who [otherwise] refuses to obey an order for disclosure (see CPLR 3126 [3]; see Rodriguez v United Bronx Parents, Inc., 70 AD3d 492, 492 [1st Dept 2010] [internal citation omitted]). Such action is appropriate "only when the moving party [for such relief] establishes 'a clear showing that the failure to comply is willful, contumacious or in bad faith'" (Rodriguez 70 AD3d at 492 [internal citation omitted]).

Generally, settlement discussions shall not be an excuse to stay discovery or to fail to comply with a court order of discovery (see Diamond v WWP Off., LLC, 202 AD3d 503, 503 [1st Dept 2022]). However, under the circumstances here, where plaintiff was often the party failing to comply with the court-

652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL                    Page 9 of 12
Motion No. 004

9 of 12

[* 9]

ordered discovery schedule, despite the orders of the court (N. Bannon, J.S.C.), and defendants present a colorable argument, the undersigned is not inclined to exercise its discretion to impose the harsh sanction of striking defendants' complaint and granting plaintiff a default judgment (see National Convention Servs., LLC v. FB Intl., Inc., 221 AD3d 462, 463 [1st Dept 2023] [reaffirming: "(The trial) court is vested with broad discretion to control its calendar and supervise disclosure in order to facilitate the resolution of cases, and the imposition of sanctions for discovery misfeasance is generally a matter best left to the trial court's discretion;" see also CDR Créances S.A.S. v Cohen, 62 AD3d 576 [1st Dept 2009]).

In any event, on this record, plaintiff makes no clear showing that the witnesses, including defendant Amir Shriki, failure to appear at the deposition was "willful, contumacious or in bad faith" (Rodriguez 70 AD3d at 492 [internal citation omitted]).

While the Court denies striking defendants' answer and issuing a default against defendant, such denial shall be without prejudice. Defendant Amir Shriki shall appear for deposition no later than August 16, 2024, and such date shall not be extended absent motion practice.

To the extent that plaintiff seeks, in the alternative, an order "stay[ing]" the note of issue date and the previous status

652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL
Motion No.  004

Page 10 of 12

10 of 12

conference order, the Court finds no authority for such relief. Therefore, instead of granting this request, the Court will extend the date for filing note of issue for purposes of accommodating the new date for completion of the defendant Amir Shriki's deposition and for the parties' full compliance with the status conference order (N. Bannon, J.S.C.), dated February 15, 2024.

Accordingly, it is

ORDERED that the motion by plaintiff, 2118 Group LLC to strike defendants' answer and for a default judgment against defendants Lior Group LLC and Amir Shriki is denied; it is further

ORDERED that note of issue be filed in this action no later than October 6, 2024; it is further

ORDERED that defendants are to appear for deposition no later than September 02, 2024; and it is further

ORDERED those future requests, if any, to extend discovery shall be made by notice or motion, upon showing of reasonable cause for the delays.

652737/2022  2118 GROUP LLC vs. LIOR GROUP LLC ET AL
Motion No.  004

Page 11 of 12

11 of 12

[* 11]

## THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

__07/08/2024__
**DATE**

*Emily Morales Minerva*
**EMILY MORALES-MINERVA, J.S.C.**

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**652737/2022   2118 GROUP LLC vs. LIOR GROUP LLC ET AL**
**Motion No.  004**

Page 12 of 12

12 of 12

[* 12]