**Elizabeth Canal, LLC v Structure Tone Global Servs., Inc.**

2024 NY Slip Op 32422(U)

July 15, 2024

Supreme Court, New York County

Docket Number: Index No. 153543/2017

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    __HON. ARLENE P. BLUTH__                        PART                14

*Justice*

-----------------------------------------------------------------------------X

ELIZABETH CANAL, LLC,HH159 CANAL DEL
LLC,JEMCOMCANAL DEL, LLC,ELIZABETH BRONX,
LLC,JEMCOM CANAL REVERSE LLC,

Plaintiff,

- v -

STRUCTURE TONE GLOBAL SERVICES, INC.,CIROCCO
& OZZIMO, INC. d/b/a CIROCCO &
OZZIMO CONTRACTING, INC.,FIRST REPUBLIC BANK,

Defendant.

-----------------------------------------------------------------------------X

CIROCCO & OZZIMO, INC.

Plaintiff,

-against-

RITE-WAY DEMOLITION INC., ALL-SAFE LLC

Defendant.

-----------------------------------------------------------------------------X

STRUCTURE TONE GLOBAL SERVICES, INC.

Plaintiff,

-against-

RITE-WAY DEMOLITION INC., ALL-SAFE LLC

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153543/2017 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595785/2019

Second Third-Party
Index No.  595857/2019

The following e-filed documents, listed by NYSCEF document number (Motion 002) 111, 112, 113, 114, 115, 117, 119, 128, 130, 131

were read on this motion to/for                    STRIKE PLEADINGS                    .

**153543/2017   ELIZABETH CANAL, LLC vs. STRUCTURE TONE GLOBAL**
**Motion No.  002**

Page 1 of 5

[* 1]

Plaintiffs' motion to strike the answer of defendant Structure Tone Global Services Inc. ("Structure Tone") is granted in part and denied in part.

**Background**

In this property damage case, plaintiffs (the owners of a building located on Canal Street) seek to strike the answer of defendant Structure Tone on the ground that Structure Tone has failed to respond to plaintiffs' discovery demands for many, many months and has ignored several court orders. Plaintiffs point out that Structure Tone has not provided sufficient discovery throughout this matter and cite to multiple discovery orders that Structure Tone has ignored including ones on June 20, 2023 (NYSCEF Doc. No. 89) and on January 25, 2024 (NYSCEF Doc. No. 95). Plaintiffs stress that this Court held a conference on April 18, 2024 at which Structure Tone was directed to produce documents and a *Jackson* affidavit by May 17, 2024 (NYSCEF Doc. No. 110). Plaintiffs insist that Structure Tone failed to comply and this motion followed.

In opposition, Structure Tone claims that it "is endeavoring to produce the pertinent discovery responses" (NYSCEF Doc. No. 128, ¶ 15). Counsel for Structure Tone contends that he started suffering from bronchitis on June 1, 2024 and was out of work for the next two weeks. Structure Tone claims that it has already provided voluminous discovery and that there is no basis to strike its answer. It claims that it had discussions with plaintiffs about this discovery on May 31, 2024 but that there was no indication that plaintiffs would make the instant motion. Structure Tone asserts that it should be provided with the "the appropriate opportunity to provide the discovery response/Jackson Affidavit at issue" (*id*. ¶ 19).

153543/2017   ELIZABETH CANAL, LLC vs. STRUCTURE TONE GLOBAL                    Page 2 of 5
   Motion No.  002

2 of 5

In reply, plaintiffs insist that they satisfied their obligation to pursue this discovery in good faith by reaching out to Structure Tone about the pending discovery throughout May 2024. They emphasize that Structure Tone's opposition does not indicate when it would be able to provide the requested discovery.

## Discussion

"Although actions should be resolved on the merits whenever possible, a court may strike a pleading as a sanction against a party who refuses to obey an order for disclosure. A court may strike an answer only when the moving party establishes a clear showing that the failure to comply is willful, contumacious or in bad faith" (*Rodriguez v United Bronx Parents, Inc.*, 70 AD3d 492, 492, 895 NYS2d 57 [1st Dept 2010] [internal quotations and citations omitted]).

The Court's analysis begins with the so-ordered stipulation dated April 18, 2024 (NYSCEF Doc. No. 110). That is, it begins with a stipulation signed by counsel for Structure Tone in which Structure Tone agreed to "produce responsive documents with metadata and attachments, if available, by May 17, 2024 and submit to plaintiffs an affidavit describing the search perform[ed]" (*id*.).

The record on this motion demonstrates that Structure Tone blatantly ignored this clear and unambiguous deadline. Curiously, Structure Tone's opposition insists that it was unable to comply because its counsel contracted bronchitis on June 1, 2024. Certainly, while counsel suffering from an illness constitutes good cause for not complying with a court order, this excuse is not sufficient here. First, counsel's illness does not excuse the fact that Structure Tone ignored the Court-ordered deadline of May 17, 2024—a full two weeks prior when he fell ill. Structure Tone does not cite a reasonable excuse for violating the initial deadline.

**153543/2017   ELIZABETH CANAL, LLC vs. STRUCTURE TONE GLOBAL**
**Motion No.  002**

**Page 3 of 5**

Second, Structure Tone's opposition in this motion is dated July 3, 2024 and, for some unexplained reason, it has not yet taken any steps to comply with the April 18, 2024 order. Counsel for Structure Tone contends that he was out sick for two weeks. That means that Structure Tone had ample time to produce something in the intervening weeks, especially in light of the fact that it knew it had already missed a Court-ordered deadline. Instead, nothing is attached to the opposition nor does Structure Tone identify a date certain by which it will comply. Rather, shockingly, it merely offers a vague promise it will comply, eventually.

Finally, the Court observes that despite Structure Tone's insistence that it was unable to comply with a court order, it did not take the appropriate steps to seek an extension. It did not, for example, bring an order to show cause for a stay and an extension of time to comply with the April 18, 2024 order. And so, it is now nearly three months since that order was signed and Structure Tone has still not complied. That evinces a willful violation of the Court's order. Plaintiffs' filing of the instant motion should have suggested to Structure Tone that it needed to immediately work on complying with the April 18, 2024 order. Its opposition indicates it has done nothing and has little interest in complying, and so this Court has little choice but to grant the motion to strike.

The Court denies the branch of plaintiffs' motion that seeks legal fees at this time. Plaintiffs did not demonstrate that Structure Tone's conduct was so outrageous as to constitute sanctionable behavior.

Accordingly, it is hereby

ORDERED that plaintiffs' motion is granted only to the extent that Structure Tone's answer is stricken and there shall be an inquest at time of trial or, if the matter is resolved with

**153543/2017   ELIZABETH CANAL, LLC vs. STRUCTURE TONE GLOBAL**
**Page 4 of 5**
   **Motion No.  002**

[* 4]

4 of 5

respect to the remaining defendants prior to trial, then plaintiffs shall file a note of issue for an inquest.

See NYSCEF Doc. No. 129 concerning the next conference.

| **7/15/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | ARLENE P. BLUTH, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

[* 5]