■ Clyde Perry et al., Appellants, v Town of Geneva, Respondent. [882 NYS2d 626]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered April 23, 2008 in a personal injury action. The order, insofar as appealed from, granted defendant's motion for preclusion.

It is hereby ordered that the order so appealed from is unanimously modified in the exercise of discretion by providing that the motion is granted unless plaintiff Clyde Perry, within 15 days of service of the order of this Court with notice of entry, serves a verified bill of particulars complying with each item of the demand for a bill of particulars and pays defendant's attorney $1,500 toward costs and attorney's fees as a sanction and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Clyde Perry (plaintiff) when he was catapulted from the all-terrain vehicle (ATV) he was riding after the ATV struck some logs that had been left on his property by defendant's employees. After plaintiffs repeatedly failed to provide responses to defendant's demand for a bill of

particulars, defendant moved to preclude plaintiffs "from giving evidence/testimony on the trial of this action of the items of which particulars have not been delivered, as demanded." In its attorney's reply affidavit, defendant also sought dismissal of the claim of plaintiff Rose Perry based on her failure to comply with General Municipal Law § 50-i by serving defendant with a notice of claim. Supreme Court, inter alia, granted the motion, and plaintiffs on appeal challenge only that part of the order concerning preclusion.

We conclude that the court improvidently exercised its discretion in determining that preclusion was appropriate. Generally, "[t]he nature and degree of the penalty to be imposed on a CPLR 3126 motion lies within the sound discretion of the trial court and will be disturbed only if there has been an abuse or [an] improvident exercise of discretion" (*Kimmel v State of New York*, 267 AD2d 1079, 1080 [1999]; *see Optic Plus Enters., Ltd. v Bausch & Lomb Inc.*, 37 AD3d 1185, 1186-1187 [2007]). Nevertheless, this Court has repeatedly held that the striking of a pleading is appropriate only " 'where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith' " (*Hill v Oberoi*, 13 AD3d 1095, 1096 [2004]; *see e.g. Sayomi v Rolls Kohn & Assoc., LLP*, 16 AD3d 1069 [2005]; *Whitley v Industrial Funding Corp.*, 8 AD3d 963 [2004]). Defendant made no such showing in this case. Thus, in the exercise of our discretion we modify the order by providing that the preclusion motion is granted unless plaintiff, within 15 days of service of the order of this Court with notice of entry, serves a verified bill of particulars complying with each item of the demand and pays defendant's attorney $1,500 toward costs and attorney's fees as a sanction. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.