Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered December 22, 2010 in a personal injury action. The order granted the motion of plaintiffs Richard Hann and Rita Hann, struck the answer of defendants and granted Richard Hann and Rita Hann partial summary judgment on the issue of liability.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Richard Hann (plaintiff) when the tractor trailer driven by him collided with a tractor trailer driven by defendant Stephen R. Black and owned by defendant J&R Schugel Trucking, Inc. (J&R Schugel). Defendants contend on appeal that Supreme Court erred in granting the motion of plaintiffs-respondents (plaintiffs) to strike defendants’ answer pursuant to CPLR 3126 (3) based, inter alia, on their failure to comply with a prior order directing Black to be produced for a deposition, and for partial summary judgment on liability. We reject that contention.
We are compelled to note at the outset that Black left the employment of J&R Schugel in October 2007 and that the accident occurred in late January 2007, and thus the decision of the dissent is based upon the well-established principle that a party may not be compelled to produce a former employee for a deposition (see McGowan v Eastman, 271 NY 195, 198 [1936]). We of course acknowledge the validity of that principle. We do not rely upon it, however, because defendants, who were represented by the same counsel, raised no such contention in opposition to the motion, nor indeed is that contention raised for the first time on appeal, which in any event would be improper (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]).
We reject the dissent’s position that the issue of control was *1504 raised by defense counsel during the proceedings. In opposition to plaintiffs’ motion to strike the answer, defendants’ attorney raised the issue of control of Black as a basis for determining that J&R Schugel’s failure to produce him was not willful or contumacious. Defendants’ attorney did not argue that J&R Schugel had no legal obligation to produce him for a supplemental deposition because it no longer employed Black. Rather, J&R Schugel implicitly concedes its control over Black by virtue of its contention on appeal that it was ready and willing to produce Black at a second deposition but was unable to locate him. Indeed, defendants’ attorney expressly stated in his opposing affirmation that Black would be produced “directly before the trial.” Furthermore, contrary to the position taken by the dissent, we do not view the representation of Black and J&R Schugel by the same counsel as an arrangement of convenience. At the time of his original deposition, Black was not employed by J&R Schugel, yet the transcript of that deposition establishes that there was one attorney of record for both defendants. In a letter to Black, dated after the court had ordered a supplemental deposition, the attorney of record stated that he was working “on the defense of your case.” Moreover, when the court denied plaintiffs’ renewed motion for summary judgment, it also ordered that “\_d\efendants shall produce Stephen R. Black” for a supplemental deposition (emphasis added), and we note that J&R Schugel did not appeal from that part of the order (see generally CPLR 5501 [a] [1]). Parties “to a civil dispute are free to chart their own litigation course” (Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]), and “may fashion the basis upon which a particular controversy will be resolved” (Cullen v Naples, 31 NY2d 818, 820 [1972]). We see no reason to reach the issue, raised sua sponte by the dissent (see CB Richard Ellis, Buffalo, LLC v D.R. Watson Holdings, LLC, 60 AD3d 1409, 1410 [2009]), whether J&R Schugel had control over Black.
We thus turn to the merits of the contentions raised by the parties on appeal. “It is well settled that ‘[t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court’s exercise of such authority should not be disturbed’ ” (Carpenter v Browning-Ferris Indus., 307 AD2d 713, 715 [2003]). We have “repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith” (Perry v Town of Geneva, 64 AD3d 1225, 1226 [2009] [internal quotation marks omitted]). “Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a *1505 reasonable excuse” (WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1619 [2011]). Contrary to defendants’ contention, plaintiffs met that initial burden, “thereby shifting the burden to defendant[s] to offer a reasonable excuse” (Hill v Oberoi, 13 AD3d 1095, 1096 [2004]). Here, the court’s determination “[t]hat the conduct of [defendants] was willful and contumacious could be inferred from their failure to comply” with an order to produce Black for a deposition, along with their protracted delay in providing a response to plaintiffs’ demands for the disclosure of photographs of the accident scene (Leone v Esposito, 299 AD2d 930, 931 [2002], lv dismissed 99 NY2d 611 [2003]; see Kopin v Wal-Mart Stores, 299 AD2d 937, 937-938 [2002]).
We further conclude that defendants failed to meet their burden of offering a reasonable excuse for failing to comply with the court’s order to produce Black for a deposition or to provide the photographs of the accident scene in a timely manner (see Hill, 13 AD3d at 1096). J&R Schugel contends that it could not comply with the order to produce Black because it was unable to locate him. However, “[t]he fact that [a defendant’s] whereabouts are unknown is no bar to plaintiffs’ requested sanction” of striking defendants’ answer (Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [2004]), and in any event J&R Schugel “offered insufficient proof of a good faith effort to locate” Black (Mason v MTA N.Y. City Tr., 38 AD3d 258 [2007]; see Reidel, 13 AD3d at 171).
Defendants contend for the first time on appeal that plaintiffs were not prejudiced by defendants’ conduct, and thus that contention is not properly before us (see Ciesinski, 202 AD2d at 985). Finally, defendants’ contention that the court based its determination on impermissible credibility determinations is not properly before us because it is raised for the first time in defendants’ reply brief (see generally Matter of State of New York v Zimmer [appeal No. 4], 63 AD3d 1563 [2009]; Turner v Canale, 15 AD3d 960, 961 [2005], lv denied 5 NY3d 702 [2005]).
All concur except Centra and Garni, JJ, who dissent and vote to modify in accordance with the following memorandum.