# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

880

CA 13-00879

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

MARCIA ALLEN, PLAINTIFF,

V                                                          MEMORANDUM AND ORDER

WAL-MART STORES, INC., DEFENDANT-RESPONDENT.
(ACTION NO. 1.)
-------------------------------------------------
MARCIA ALLEN, PLAINTIFF,

V

WAL-MART STORES EAST, LP, DEFENDANT-RESPONDENT.
(ACTION NO. 2.)
-------------------------------------------------
MELVIN BRESSLER, ESQ., APPELLANT.

(APPEAL NO. 1.)

---

MELVIN BRESSLER, ROCHESTER, APPELLANT PRO SE.

BROWN HUTCHINSON LLP, ROCHESTER (R. ANDREW FEINBERG OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered July 25, 2012. The order, insofar as appealed from, directed appellant to pay the sum of $2,090 to counsel for defendant.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced these actions seeking damages for personal injuries that she allegedly sustained in two separate falls at defendant's store. In appeal No. 1, plaintiff appeals from an order in both actions granting that part of defendant's motion pursuant to 22 NYCRR 130-1.1 and imposing sanctions in the amount of $2,090 on nonparty Melvin Bressler, the attorney for plaintiff. As a preliminary matter, we note that, although plaintiff's notice of appeal recites that plaintiff is appealing from the order in appeal No. 1, she is in fact not aggrieved by the imposition of sanctions against her attorney (*see Moore v Federated Dept. Stores, Inc.*, 94 AD3d 638, 639, *appeal dismissed* 19 NY3d 1065). Nevertheless, we deem the notice of appeal in appeal No. 1 to have been filed on behalf of the nonparty attorney, and we therefore reach the issue raised in that

appeal (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606; *Joan 2000, Ltd. v Deco Constr. Corp*., 66 AD3d 841, 842).  In appeal No. 2, plaintiff appeals from an order granting defendant's motion pursuant to CPLR 3126 (3) to strike the complaint and to dismiss action No. 2 for failure to comply with discovery orders.

In appeal No. 1, we conclude that, under the circumstances, Supreme Court did not abuse its discretion in imposing sanctions on plaintiff's attorney for what the court characterized as "excessive and inexcusable delay" in providing discovery responses (*see Hughes v Farrey*, 48 AD3d 385, 385).  In appeal No. 2, we reject plaintiff's contention that the court applied an incorrect legal standard in striking the complaint and dismissing action No. 2.  "[T]he type and degree of sanction [for a discovery violation] will be left to the discretionary authority of the trial court which will remain undisturbed absent an abuse thereof" (*Osterhoudt v Wal-Mart Stores*, 273 AD2d 673, 674; *see* CPLR 3126).  "While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of [the court's] discretion . . . , striking a pleading is appropriate where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Birch Hill Farm v Reed*, 272 AD2d 282, 282).  Here, the court properly determined that defendant met its initial burden of establishing willful, contumacious or bad faith conduct by plaintiff, thereby shifting the burden to plaintiff to offer a reasonable excuse (*see Hill v Oberoi*, 13 AD3d 1095, 1096; *Herrera v City of New York*, 238 AD2d 475, 476).  Plaintiff failed to meet her burden (*see Hill*, 13 AD3d at 1096; *Nunn v GTE Sylvania*, 251 AD2d 1089, 1091), and we therefore conclude that the court properly exercised its discretion by striking the complaint in action No. 2.

Entered:  October 3, 2014                        Frances E. Cafarell
                                                  Clerk of the Court