Peterson v New York Cent. Mut. Fire Ins. Co. (2019 NY Slip Op 05853)





Peterson v New York Cent. Mut. Fire Ins. Co.


2019 NY Slip Op 05853


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


214 CA 18-01230

[*1]GREGORY L. PETERSON AND CYNTHIA H. PETERSON, PLAINTIFFS-APPELLANTS,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






MERLIN LAW GROUP, P.A., NEW YORK CITY (VERNE PEDRO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JAMES GRABER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered August 31, 2017. The order granted the motion of defendant to strike the complaint and dismissed the action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Gregory L. Peterson and Cynthia H. Peterson (Peterson plaintiffs) and Kathleen S. Durnell (collectively, plaintiffs) owned real property that was insured under policies issued by defendant. Plaintiffs, who were represented by the same attorney, commenced separate actions against defendant after defendant failed to satisfy their claims of property damage resulting from a hail storm. In appeal No. 1, the Peterson plaintiffs appeal from an order striking their complaint and dismissing the action due to the Peterson plaintiffs' failure to comply with discovery orders. In appeal No. 2, Durnell appeals from an order striking her complaint and dismissing the action due to Durnell's failure to comply with discovery orders. We affirm in both appeals.
The facts underlying both appeals are nearly identical. On September 30, 2016, defendant served upon plaintiffs discovery demands, including, inter alia, notices for discovery and inspection, interrogatories, demands for collateral sources, notices to permit entry on real property, demands for expert disclosure, and CPLR 3017 demands. Plaintiffs failed to timely respond to defendant's discovery demands. In November 2016, plaintiffs' attorney notified defendant that the delays in responding resulted from staffing issues, and in November and again in December 2016, defendant extended plaintiffs' deadlines to respond to the demands by 30 days and 15 days, respectively. Plaintiffs, however, failed to respond.
In February 2017, defendant moved in each action to compel plaintiffs' discovery responses within 30 days. In orders dated April 10, 2017 Supreme Court granted defendant's motions and ordered plaintiffs to respond to defendant's discovery demands by May 31, 2017. On May 18, 2017, however, the court issued scheduling orders with a discovery deadline of July 16, 2017. Plaintiffs failed to respond to defendant's demands by either the May or July deadline. On July 18, 2017, plaintiffs' attorney emailed defendant partial responses, although defendant had not consented to receive discovery by email. The responses to the interrogatories were unsworn and incomplete, and plaintiffs failed to respond to, among other things, defendant's demands for collateral sources and expert disclosure. Thereafter defendant moved in each action to strike the complaint, and the court granted defendant's motions and dismissed the actions.
Initially, we note that, in each appeal, "[i]n the absence of any indication that defendant[ was] misled or prejudiced, the notice of appeal is deemed amended to correct the name of appellant" from plaintiffs' attorney to the individual plaintiffs (Texido v Waters of Orchard Park, 300 AD2d 1150, 1150 [4th Dept 2002]; see Woloszuk v Logan-Young, 162 AD3d 1548, 1549 [4th Dept 2018]).
We reject plaintiffs' contentions in both appeals that the court abused its discretion in striking their respective complaints and dismissing the actions pursuant to CPLR 3126 (3). "It is well settled that [t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Hann v Black, 96 AD3d 1503, 1504 [4th Dept 2012] [internal quotation marks omitted]; see Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1513 [4th Dept 2014]). "[T]he striking of a pleading is appropriate only where [the moving party establishes] that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Hann, 96 AD3d at 1504 [internal quotation marks omitted]). " Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse' " (id. at 1504-1505).
Here, the conclusion that plaintiffs' conduct was willful and contumacious can be inferred from their repeated failure to comply with the court's scheduling orders, defendant's demands for discovery, and the motions to compel, despite defendant's good faith extensions of time to respond to the demands (see Getty v Zimmerman, 37 AD3d 1095, 1096-1097 [4th Dept 2007]; Kopin v Wal-Mart Stores, 299 AD2d 937, 937-938 [4th Dept 2002]). Thus, in each action, defendant met its initial burden, and the burden shifted to plaintiffs to offer a reasonable excuse (see Hill v Oberoi, 13 AD3d 1095, 1096 [4th Dept 2004]).
Although in both actions plaintiffs' attorney offered the excuse of "staffing issues" in November 2016, this was the only excuse provided by plaintiffs. They failed to offer any excuse for their continued failure to respond during the ensuing eight months, despite repeated requests, deadlines imposed by the court, and a motion by defendant in each action. To the extent plaintiffs eventually responded in part to defendant's discovery demands, those responses were inadequate, inasmuch as the responses were untimely, incomplete (see generally Hogan v Vandewater, 104 AD3d 1164, 1165 [4th Dept 2013]), unsworn (see generally CPLR 3133 [b]; Hogan, 104 AD3d at 1165; Kyung Soo Kim v Goldmine Realty, Inc., 73 AD3d 709, 710 [2d Dept 2010]), and improperly served (see generally CPLR 2103 [b] [7]; Matter of Henry, 159 AD3d 1393, 1394-1395 [4th Dept 2018]). Under these circumstances, we conclude that plaintiffs failed to meet their respective burdens. Thus, we conclude that the court did not abuse its discretion in granting the motions to strike the complaints and dismissing the actions.
We have considered plaintiffs' remaining contentions in both appeals and conclude that they lack merit.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court