Pezzino v Wedgewood Health Care Ctr., LLC (2019 NY Slip Op 06231)





Pezzino v Wedgewood Health Care Ctr., LLC


2019 NY Slip Op 06231


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


36 CA 18-01610

[*1]DAVID PEZZINO, PLAINTIFF-RESPONDENT,
v
WEDGEWOOD HEALTH CARE CENTER, LLC, DEFENDANT-APPELLANT. 






HARRIS BEACH PLLC, BUFFALO (ADAM M. LYNCH OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF MARK H. CANTOR, LLC, BUFFALO (MARK H. CANTOR OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), dated November 28, 2017. The order, among other things, granted that part of the motion of plaintiff seeking summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by denying that part of the motion seeking summary judgment on the issue of liability and by adding to the second ordering paragraph immediately preceding "; and it is further" the following: ", unless defendant, within three months of service of a copy of the order of this Court with notice of entry, serves responses to all outstanding discovery demands and pays plaintiff's attorney $3,000 toward costs and attorney's fees as a sanction" and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of negligent acts committed by defendant's "employees and agents." Although plaintiff commenced this action in 2011 and the parties each served discovery demands in 2012, the action lay dormant for several years while plaintiff sought to obtain relief from defendant's insurance carrier in a bankruptcy proceeding in a different state. Plaintiff revived the action in November 2016 by, inter alia, resubmitting his 2012 discovery demands.
In February 2017, plaintiff filed a motion seeking sanctions pursuant to CPLR 3126 as well as summary judgment on the issues of liability and damages. Supreme Court held a conference and issued a scheduling order directing that plaintiff provide "new medical/health care authorizations" by April 17, 2017, and that all paper discovery be completed by July 31, 2017. Plaintiff did not provide the authorizations until July 13, 2017, and defendant had not responded to the discovery demands by September 6, 2017, when plaintiff filed the instant motion again seeking, inter alia, the relief sought in the February 2017 motion.
The court granted that part of plaintiff's motion seeking sanctions, struck defendant's answer as to liability, and deemed all issues of liability resolved in plaintiff's favor. We agree with defendant that the court improvidently exercised its discretion in granting that sanction.
As a preliminary matter, we conclude that the court erred in finding that defendant did "not oppose[] that aspect of [p]laintiff's motion which [sought] a determination in [p]laintiff's favor on the issues that are the subject of the 2012 [d]emands based on [d]efendant's wil[l]ful failure to respond." A reading of defendant's submissions makes clear that it did, in fact, oppose that aspect of plaintiff's motion.
With respect to the merits, it is well settled that " [t]he nature and degree of the penalty [*2]to be imposed on a CPLR 3126 motion lies within the sound discretion of the trial court and will be disturbed only if there has been an abuse or [an] improvident exercise of discretion' " (Perry v Town of Geneva, 64 AD3d 1225, 1226 [4th Dept 2009]). Nevertheless, the Court of Appeals has recognized that, with respect to the supervision of disclosure, "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). In recognition of the fact that "[a]ctions should be resolved on their merits wherever possible" (Mironer v City of New York, 79 AD3d 1106, 1107 [2d Dept 2010]), "this Court has repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands [was] willful, contumacious, or in bad faith" (Perry, 64 AD3d at 1226 [internal quotation marks omitted]; see generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]; Legarreta v Neal, 108 AD3d 1067, 1070-1071 [4th Dept 2013]).
" The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders' " (Legarreta, 108 AD3d at 1071 [emphasis added]; see Kopin v Wal-Mart Stores, 299 AD2d 937, 937-938 [4th Dept 2002]). Here, however, we conclude that plaintiff did not establish that defendant's failure to respond or to comply was willful or contumacious inasmuch as plaintiff failed to establish that defendant had engaged in "repeated noncompliance" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [2014]; cf. Legarreta, 108 AD3d at 1069; Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1176 [3d Dept 2008]).
Although defendant did not respond to the 2012 discovery demands, the record establishes that plaintiff's attorney abandoned the New York action to pursue remedies in the bankruptcy proceeding. As a result, we conclude that defendant's failure to respond to the abandoned discovery demands does not constitute willful, contumacious or bad faith conduct. Once plaintiff revived the action in November 2016, the court essentially gave each party a fresh start, issuing the first and only scheduling order. Notably, it was plaintiff who first failed to comply with that order, providing the medical authorizations three months after the court-ordered deadline and only 18 days before all discovery was to be completed. While there may be some dispute whether defendant could have partially responded to the discovery demands inasmuch as some of the demands concerned information that defendant should have had readily available, it is our view that defendant's failure to respond was occasioned, in part, by plaintiff's own discovery violations. We thus conclude, in the exercise of our own discretion (see Those Certain Underwriters at Lloyds, London, 11 NY3d at 845), that defendant's conduct does not warrant the striking of its answer as to liability.
"Nonetheless, [defendant's] conduct during discovery cannot be countenanced" (L & L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734, 736 [2d Dept 2011]). Considering all of the facts and circumstances of this action, we conclude that a monetary sanction in the sum of $3,000 is warranted to compensate plaintiff "for the time expended and costs incurred in connection with [defendant's] failure to . . . comply with discovery" (id.). We thus exercise our discretion and modify the order by providing that the motion insofar as it seeks sanctions pursuant to CPLR 3126 is granted as set forth in the second ordering paragraph of the order unless defendant, within three months of service of the order of this Court with notice of entry, serves responses to all of the outstanding discovery demands and pays plaintiff's attorney $3,000 toward costs and attorney's fees as a sanction (see Perry, 64 AD3d at 1226).
Defendant further contends that the court erred in granting plaintiff's motion insofar as it sought summary judgment on the issue of liability, and we agree. That part of the motion was premature and, further, the affidavit of plaintiff's expert "was . . . conclusory, and offered . . . opinions and conclusions that the expert was not competent to render" (Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]). We therefore further modify the order accordingly. In light of our determination, we do not address defendant's remaining contentions.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court