Prattico v City of Rochester (2021 NY Slip Op 04810)





Prattico v City of Rochester


2021 NY Slip Op 04810


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


291 CA 20-00526

[*1]FAUSTO PRATTICO, PLAINTIFF-RESPONDENT,
v
CITY OF ROCHESTER, ET AL., DEFENDANTS, TITAN INSURANCE AND EMPLOYEE BENEFITS AGENCY, LLC, MICHAEL GUROWSKI, TAMMY GUROWSKI, MARISSA BENETT AND US RETIREMENT PARTNERS, DEFENDANTS-APPELLANTS. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL P. SULLIVAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BARCLAY DAMON, LLP, ROCHESTER (PAUL A. SANDERS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered February 3, 2020. The order, among other things, granted the motion of plaintiff pursuant to CPLR 3126 for an order striking the answer of defendants Titan Insurance and Employee Benefits Agency, LLC, Michael Gurowski, Tammy Gurowski, Marissa Benett and US Retirement Partners. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, malicious prosecution. The amended complaint alleges, among other things, that Titan Insurance and Employee Benefits Agency, LLC (Titan), its employees Michael Gurowski, Tammy Gurowski, and Marissa Benett, and Titan's successor in interest, US Retirement Partners (collectively, defendants), along with other defendants not relevant to this appeal, maliciously instigated a criminal prosecution of plaintiff. The record establishes that the criminal charges were dismissed by a grand jury before plaintiff commenced this action. Discovery ensued in this action, during which Supreme Court directed defendants to provide various materials to plaintiff. After determining that defendants failed to comply, the court repeatedly directed defendants to provide those and other discovery materials, and imposed sanctions on defendants for their failures to comply. No appeal was taken with respect to those directions. Plaintiff then moved, inter alia, pursuant to CPLR 3126 for an order striking defendants' answer and deeming the allegations in the malicious prosecution cause of action admitted, and defendants, inter alia, moved for an order granting them summary judgment dismissing the amended complaint against them. Defendants now appeal from an order that, inter alia, granted plaintiff's motion and denied defendants' motion. We affirm.
"It is well settled that '[t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed' " (Carpenter v Browning-Ferris Indus., 307 AD2d 713, 715 [4th Dept 2003]; see Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1513 [4th Dept 2014]). We have "repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Perry v Town of Geneva, 64 AD3d 1225, 1226 [4th Dept 2009] [internal quotation marks omitted]). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Pezzino v Wedgewood Health Care Ctr., LLC, 175 AD3d 840, 841 [4th Dept 2019] [internal quotation marks omitted]). " 'Once a moving party establishes that the failure to comply with a disclosure [*2]order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse' " (Hann v Black, 96 AD3d 1503, 1504-1505 [4th Dept 2012]).
Here, plaintiff established on his motion that defendants repeatedly failed to comply with discovery orders, that such failure was willful, contumacious and in bad faith, and that plaintiff was precluded by that failure from establishing a prima facie case on his malicious prosecution cause of action (cf. McFadden v Oneida, Ltd., 93 AD3d 1309, 1311 [4th Dept 2012]). Thus, the court properly determined that plaintiff met his initial burden on his motion, thereby shifting the burden to defendants to offer a reasonable excuse (see Allen, 121 AD3d at 1513). Defendants failed to meet that burden, and indeed they do not contend that there is a reasonable excuse; rather, they argue only that they did not violate any of the court's discovery orders. That argument is belied by the record. Consequently, we conclude that the court properly exercised its discretion by striking defendants' answer and deeming the allegations in the malicious prosecution cause of action admitted.
We have considered defendants' remaining contention and conclude that it does not require a different result.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court