Harms v TLC Health Network (2023 NY Slip Op 02264)

Harms v TLC Health Network

2023 NY Slip Op 02264

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

995 CA 21-00704

[*1]FLORENCE LOUISE HARMS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ROBERT L. HARMS, DECEASED, PLAINTIFF-APPELLANT,
v
TLC HEALTH NETWORK, LAKE SHORE HEALTH CARE CENTER, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARGNESI BRITT, PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 12, 2021. The order, inter alia, dismissed as moot the motion of plaintiff seeking, inter alia, to strike the answer of defendants TLC Health Network and Lake Shore Health Care Center. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice and wrongful death action, plaintiff appeals from an order that dismissed as moot her motion to strike the answer of TLC Health Network and Lake Shore Health Care Center (collectively, defendants) or compel them to comply with her fourth notice to produce (notice to produce), which sought, inter alia, electronic medical record audit trails relating to defendants' care and treatment of plaintiff's decedent. We affirm.
"[T]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Prattico v City of Rochester, 197 AD3d 882, 883 [4th Dept 2021] [internal quotation marks omitted]; see Castro v Admar Supply Co., Inc. [appeal No. 2], 159 AD3d 1616, 1617 [4th Dept 2018]; Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1513 [4th Dept 2014]). In recognition of the fact that "[a]ctions should be resolved on their merits wherever possible" (Pezzino v Wedgewood Health Care Ctr., LLC, 175 AD3d 840, 841 [4th Dept 2019] [internal quotation marks omitted]), we have "repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Perry v Town of Geneva, 64 AD3d 1225, 1226 [4th Dept 2009] [internal quotation marks omitted]; see generally CPLR 3126 [3]). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Pezzino, 175 AD3d at 841 [internal quotation marks omitted]). " 'Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse' " (Hann v Black, 96 AD3d 1503, 1504-1505 [4th Dept 2012]).
We reject plaintiff's contention that Supreme Court erred in refusing to strike defendants' answer for failure to comply with the notice to produce. Plaintiff did not establish that defendants engaged in any "willful, contumacious, or . . . bad faith" noncompliance with the notice to produce (Perry, 64 AD3d at 1226; see Pezzino, 175 AD3d at 841-842). The record contains no showing, "beyond mere conjecture, that there is relevant information to be gleaned [*2]from . . . audit trails which cannot be obtained from other sources" of information that were already supplied by defendants (Punter v New York City Health & Hosps. Corp., 2019 NY Slip Op 31065[U], *7 [Sup Ct, NY County 2019], mod on rearg 2019 NY Slip Op 34239[U], affd 191 AD3d 563 [1st Dept 2021]; cf. Vargas v Lee, 170 AD3d 1073, 1076-1077 [2d Dept 2019]). We further conclude that the court did not abuse its discretion in dismissing the motion on the ground that defendants substantially complied with the notice to produce insofar as it sought audit trail data; defendants disclosed decedent's electronic medical records, which already displayed much of the information sought from the audit trails—i.e., alterations made to the electronic medical records—and defendants otherwise provided reasonable explanations for why some of the requested information was no longer available (see Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 860 [2d Dept 2018]; Lampel v Sergel, 287 AD2d 548, 549 [2d Dept 2001]; see generally Castro, 159 AD3d at 1617).
Plaintiff's contention that the court erred in considering the papers defendants submitted in surreply is not properly before us because it is raised for the first time on appeal (see Oerlemans v Cornish, 21 AD3d 1308, 1309 [4th Dept 2005]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, the court did not err in relying on the surreply for the purpose of affording defendants the reasonable opportunity to respond to the new arguments advanced by plaintiff in her reply (see generally Conarton v Holy Smoke BBQ & Catering, LLC, 186 AD3d 1111, 1111 [4th Dept 2020]; Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1170 [4th Dept 2020]).
We have considered plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court