LG 101 Doe v Wos (2023 NY Slip Op 02404)

LG 101 Doe v Wos

2023 NY Slip Op 02404

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

43 CA 22-00113

[*1]LG 101 DOE, PLAINTIFF-APPELLANT,
v
PAUL M. WOS, DEFENDANT-RESPONDENT. LIPSITZ GREEN SCIME CAMBRIA LLP, NONPARTY-APPELLANT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT AND NONPARTY-APPELLANT.
PERSONIUS MELBER LLP, BUFFALO (SCOTT R. HAPEMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered November 12, 2021. The order, among other things, granted the cross-motion of defendant to strike from the complaint certain language used to denote defendant and sealed the complaint filed August 9, 2021 and awarded defendant costs and attorney's fees. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the ninth ordering paragraph and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: In this action pursuant to the Child Victims Act (CVA), plaintiff appeals from an order that, inter alia, granted defendant's cross-motion seeking, pursuant to CPLR 3024 (b), to strike certain language used to denote defendant in the complaint and seeking to seal the original complaint. Nonparty Lipsitz Green Scime Cambria LLP (counsel) appeals from so much of the order as directed it to pay $750 in counsel fees and $45 in filing fees.
Initially, we note that, although no appeal lies as of right from an order granting or denying a motion to strike scandalous or prejudicial matter from a pleading (see CPLR 5701 [b] [3]), Supreme Court granted plaintiff leave to appeal from that part of its determination (see CPLR 5701 [c]; see generally Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 98 [2d Dept 2021]). With respect to the merits, we conclude, contrary to plaintiff's contention on her appeal, that the court did not abuse its discretion in granting that part of the cross-motion seeking to strike language from the complaint (see Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 126 [2012]; Pisula, 201 AD3d at 97-98; Bristol Harbour Assoc. v Home Ins. Co., 244 AD2d 885, 886 [4th Dept 1997]). Pursuant to CPLR 3024 (b), "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." "[I]t is generally held that the test under this section is whether the allegation is relevant, in an evidentiary sense, to the controversy and, therefore, admissible at trial" (Wegman v Dairylea Coop., 50 AD2d 108, 111 [4th Dept 1975], lv dismissed 38 NY2d 710, 918 [1976]). Although "factual averments about sexual abuse are necessary in any action where those allegations form the predicate for an award of damages, to state a cause of action generally and pursuant to the CVA specifically" (Pisula, 201 AD3d at 99), the language struck by the court does not contain any factual averments necessary to plaintiff's causes of action. Further, the court's decision to strike the inflammatory language does not preclude plaintiff from attempting to prove at the trial stage that defendant committed acts of sexual abuse against her. We thus conclude that "there is no prejudice to plaintiff as a result of the order, whereas if [the language is] not stricken prejudice may result to defendant" (Wegman, 50 AD2d at 111; see Pisula, 201 AD3d at 97).
We further conclude, however, that the court erred in granting that part of the cross-motion seeking to seal the complaint without making "a written finding of good cause, . . . specify[ing] the grounds thereof," as required by 22 NYCRR 216.1 (a) (see City of Buffalo City Sch. Dist. v LPCiminelli, Inc., 159 AD3d 1468, 1471-1472 [4th Dept 2018]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine whether good cause exists to seal the complaint.
Finally, counsel contends on its appeal that the court erred in directing it to pay costs to defendant's attorneys. To the extent that counsel's contention is preserved, we conclude that it is without merit. A court may grant an award of costs resulting from frivolous conduct (22 NYCRR 130-1.1 [a]). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Marshall v Marshall, 198 AD3d 1288, 1289-1290 [4th Dept 2021] [internal quotation marks omitted]; see 22 NYCRR 130-1.1 [c]). The determination whether to grant an award of costs rests within the sound discretion of the trial court (see 22 NYCRR 130-1.1 [a]; U.S. Bank N.A. v Nunez, 208 AD3d 711, 713-714 [2d Dept 2022]; Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1512-1513 [4th Dept 2014]; Citibank [S.D.] v Coughlin, 274 AD2d 658, 660 [3d Dept 2000], lv dismissed 95
NY2d 916 [2000]). Here, we discern no abuse of discretion (see generally Divito v Fiandach, 160 AD3d 1404, 1405 [4th Dept 2018]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court