Hicks v Unitrin Advantage Ins. Co. (2026 NY Slip Op 00748)

Hicks v Unitrin Advantage Ins. Co.

2026 NY Slip Op 00748

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

989 CA 24-01895

[*1]MELBA HICKS, PLAINTIFF-RESPONDENT,
vUNITRIN ADVANTAGE INSURANCE COMPANY, DEFENDANT-APPELLANT. 

CRISTINA CAROLLO, STATEN ISLAND, FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Supreme Court, Niagara County (Mario A. Giacobbe, A.J.), entered October 18, 2024, in a breach of contract action. The order granted the motion of plaintiff to strike defendant's answer and for a default judgment and denied the cross-motion of defendant for a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this breach of contract action seeking no-fault benefits under an insurance policy issued by defendant, her automobile insurance carrier, following a motor vehicle accident. Prior to the accident, plaintiff had been employed full time, earning $10 per hour. Defendant partially denied plaintiff's claim for lost wages, and plaintiff now seeks $24,229.20 from defendant, pursuant to no-fault insurance law. After defendant failed to respond to plaintiff's discovery demands, including, inter alia, interrogatories, as well as her good faith demand letter, plaintiff filed a motion to compel responses pursuant to CPLR 3124. After serving incomplete discovery responses, defendant consented to a conditional preclusion order directing it to submit complete responses within 60 days. On the eve of the 60-day deadline, defendant served supplemental discovery responses, which were again incomplete, and then yet again served incomplete supplemental discovery responses after the deadline passed. Plaintiff moved for sanctions pursuant to CPLR 3126, seeking an order striking the answer and entering a default judgment in her favor, and defendant opposed the motion and cross-moved for a protective order pursuant to CPLR 3103. Supreme Court granted plaintiff's motion for sanctions and denied defendant's cross-motion. Defendant now appeals, and we affirm.
"It is well settled that [t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Carpenter v Browning-Ferris Indus., 307 AD2d 713, 715 [4th Dept 2003] [internal quotation marks omitted]; see Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1513 [4th Dept 2014]). "The nature and degree of a sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the court, and the striking of a pleading is appropriate only upon a clear showing that a party's failure to comply with a discovery demand or order is willful, contumacious, or in bad faith" (Almontaser v Roswell Park Cancer Inst. Corp., 239 AD3d 1432, 1432 [4th Dept 2025] [internal quotation marks omitted]; see Mosey v County of Erie, 117 AD3d 1381, 1384 [4th Dept 2014]; see generally Prattico v City of Rochester, 197 AD3d 882, 883-884 [4th Dept 2021]). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Pezzino v Wedgewood Health Care Ctr., LLC, 175 AD3d 840, 841 [4th Dept 2019] [internal quotation marks omitted]; see generally Zletz v Wetanson, 67 NY2d 711, 713 [1986]). "Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse" (Hann v Black, 96 AD3d 1503, 1504-1505 [4th Dept 2012] [internal quotation marks omitted]).
Here, plaintiff established on her motion that defendant repeatedly failed to comply with her discovery demands and the conditional preclusion order, and that those failures were willful, contumacious, and in bad faith (see Prattico, 197 AD3d at 884; Peterson v New York Cent. Mut. Fire Ins. Co., 174 AD3d 1386, 1388 [4th Dept 2019]; cf. McGirr v Zurbrick, 217 AD3d 1462, 1465-1466 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; see generally Zletz, 67 NY2d at 713). Thus, plaintiff met her initial burden on the motion, thereby shifting the burden to defendant to offer a reasonable excuse (see Allen, 121 AD3d at 1513). In opposition, defendant did not offer a reasonable excuse but, rather, contended that the discovery demands that it failed to respond to are not relevant. Contrary to defendant's contention, the demands that it failed to respond to sought evidence of potential bias on the part of defendant's independent medical examination physicians and thus are relevant to a proper inquiry (see Dominicci v Ford, 119 AD3d 1360, 1361 [4th Dept 2014]; see generally Salm v Moses, 13 NY3d 816, 818 [2009]). We therefore conclude that the court did not abuse its discretion in granting the motion for sanctions pursuant to CPLR 3126.
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court