Harms v Lewis

2026 NY Slip Op 02550

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

FLORENCE LOUISE HARMS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ROBERT L. HARMS, DECEASED, PLAINTIFF-RESPONDENT,

v

CLEMENTINA LEWIS, M.D., ET AL., DEFENDANTS, TLC HEALTH NETWORK AND LAKE SHORE HEALTH CARE CENTER, DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

227 CA 25-00918

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

PAUL WILLIAM BELTZ, LLC, BUFFALO, MAGAVERN MAGAVERN GRIMM LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered May 8, 2025, in a medical malpractice and wrongful death action. The order, among other things, granted the motion of plaintiff to the extent that it seeks to compel defendants TLC Health Network and Lake Shore Health Care Center to comply with certain discovery demands.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this medical malpractice and wrongful death action, defendants TLC Health Network and Lake Shore Health Care Center (collectively, defendants) appeal from an order that, inter alia, granted plaintiff's motion to the extent that it seeks to compel defendants to comply with certain discovery demands relative to the disclosure of electronic medical record audit trails (audit trails) arising out of defendants' care and treatment of plaintiff's decedent. We affirm.

This appeal is not the first instance where we have been called to adjudicate a discovery dispute between plaintiff and defendants concerning the audit trails. Previously, we affirmed an order dismissing as moot plaintiff's motion (first motion) to strike defendants' answer or, alternatively, to compel defendants to comply with her fourth notice to produce, which sought, inter alia, the aforementioned audit trails (Harms v TLC Health Network, 215 AD3d 1295, 1295-1296 [4th Dept 2023]). In affirming the order, we noted that, in support of the first motion, "[p]laintiff did not establish

that defendants engaged in any willful, contumacious, or . . . bad faith noncompliance with the notice to produce" (id. at 1296 [internal quotation marks omitted]). Indeed, based on the record before us at that time, we noted that the first motion "contain[ed] no showing, beyond mere conjecture, that there is relevant information to be gleaned from . . . audit trails which cannot be obtained from other sources of information that were already supplied by defendants" (id. [internal quotation marks omitted]). We concluded that Supreme Court (Marshall, J.) did not err "in dismissing the [first] motion on the ground that defendants substantially complied with the notice to produce" with respect to the audit trails inasmuch as "defendants disclosed decedent's electronic medical records, which already displayed much of the information sought from the audit trails" and "defendants otherwise provided reasonable explanations for why some of the requested information was no longer available" (id.).

During the pendency of the prior appeal, however, plaintiff took depositions of several representatives of defendants during which those individuals were questioned about the creation, modification, and retention of the audit trails. Some of those representatives had previously provided affidavits in connection with the first motion that, in essence, stated that the audit trails were no longer available. Information obtained during the ensuing depositions of those representatives, however, contradicted some of the central assertions in their affidavits with respect to the audit trails and, indeed, suggested that some of the information sought by plaintiff in relation to the electronic medical records and audit trails may, in fact, still exist and was not disclosed to plaintiff. The depositions also revealed that the representatives were not entirely knowledgeable about defendants' policies and procedures in retaining the audit trails. Thus, as a consequence of the information obtained during the depositions, plaintiff moved to compel defendants to produce, inter alia, knowledgeable representatives for depositions, defendants' policies on the preservation and maintenance of records and audit trails, information on how the audit trails were produced, and audit trails from defendants' data storage system. Supreme Court (Licata, J.) granted plaintiff's second motion, and defendants appeal.

Defendants contend that the court erred in granting plaintiff's motion for the requested discovery concerning the audit trails inasmuch as that decision impermissibly conflicted with this Court's prior determination that plaintiff was not entitled to disclosure of similar material. We reject that contention. At the outset, we note again that "[t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Prattico v City of Rochester, 197 AD3d 882, 883 [4th Dept 2021] [internal quotation marks omitted]; see Castro v Admar Supply Co., Inc. [appeal No. 2], 159 AD3d 1616, 1617 [4th Dept 2018]; Allen v Wal-Mart Stores, Inc., 121 AD3d 1512, 1513 [4th Dept 2014]). The CPLR provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]; see Crysler v Erk [appeal No. 2], 227 AD3d 1410, 1412 [4th Dept 2024]).

Further, audit trails, such as the ones sought by plaintiff here, are subject to discovery where a plaintiff establishes legitimate questions regarding whether portions of the medical records provided by a defendant have been withheld or altered (see Wright v Stephens, 239 AD3d 1271, 1274-1275 [4th Dept 2025]; Vargas v Lee, 170 AD3d 1073, 1077 [2d Dept 2019]).

Here, we conclude that the court's decision to grant the second motion and compel disclosure pertaining to the audit trails—based on the record provided by plaintiff in support of that motion—was not an abuse of the court's discretion and does not conflict with our prior determination (cf. Harms, 215 AD3d at 1295-1296). As noted above, plaintiff's second motion was based on new information that came to light after Supreme Court (Marshall, J.) decided the first motion and while the prior appeal was pending. Indeed, in concluding that the court had not abused its discretion in denying the first motion, we noted, among other things, that "[t]he record [before us] contain[ed] no showing, beyond mere conjecture, that there is relevant information to be gleaned from . . . [the] audit trails" and that, in opposition to the first motion, "defendants otherwise provided reasonable explanations for why some of the requested information was no longer available" (id. at 1296 [emphasis added and internal quotation marks omitted]). In other words, our conclusion on the prior appeal was based on the record before the court at the time it denied the first motion, which included the affidavits of defendants' representatives suggesting that the audit trail information was no longer available. Inasmuch as there were subsequent developments to the contrary—i.e., new evidence that the requested audit trail information may be available, that some of the requested material had been withheld, and that defendants' representatives lacked critical knowledge about defendants' audit trails and their retention—we perceive no conflict between our holding in the prior appeal and the order granting the second motion based on that new information.

We reject defendants' further contention that Supreme Court (Licata, J.) was bound by the law of the case to follow our prior decision affirming the order dismissing the first motion. We note that the first motion "preceded [the] deposition [of defendants' representatives on the audit trails], which introduced additional evidence and raised further issues, thereby precluding application of the law of the case doctrine" (Milligan v Bifulco, 153 AD3d 1624, 1625 [4th Dept 2017] [internal quotation marks omitted]; see M & T Bank Corp. v Moody's Invs. Servs., Inc., 191 AD3d 1288, 1292 [4th Dept 2021]; Ziolkowski v Han-Tek, Inc., 126 AD3d 1431, 1432 [4th Dept 2015]). In any event, even assuming, arguendo, that the law of the case doctrine applied to the [*2]motion court, we note that the doctrine "is not binding upon this Court's review of the order" (Ziolkowski, 126 AD3d at 1432; see Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]; Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1642 [4th Dept 2017]).

We have reviewed defendants' remaining contentions and conclude that none warrants reversal or modification of the order.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court